DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-484-RJC
(3:08-cr-256-RJC-1)

| | | |
|---|---|---|
| TERENCE DEVON GARMON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct

Sentence under 28 U.S.C. § 2255, (Doc. No. 1); the Government's Response, (Doc. No. 12), and

Motion to Dismiss, (Doc. No. 13); and Petitioner's Response, (Doc. No. 24).

**I.      BACKGROUND**

On February 17, 2009, Petitioner Terence Devon Garmon filed a plea agreement on a bill

of indictment charging him with conspiracy to possess with intent to distribute at least 50 grams

of crack cocaine, in violation of 21 U.S.C. § 846.  (Case No. 3:08-cr-256, Doc. No. 1:

Indictment; Doc. No. 12: Plea Agreement).  The Government had previously filed an information

pursuant to 21 U.S.C. § 851 alleging two prior felony drug convictions. (Id., Doc. No. 4).

According to the plea agreement, Petitioner acknowledged the validity of the two convictions to

enhance his mandatory sentence to life imprisonment, but the Government agreed to withdraw

one of the convictions to reduce the mandatory sentence to twenty years. (Id., Doc. No. 12 at 2).

1

During a plea and Rule 11 hearing on March 13, 2009, a magistrate judge questioned Petitioner at length to ensure that his guilty plea was intelligently and voluntarily tendered.[1] The magistrate judge informed Petitioner that he was pleading guilty to a conspiracy with fifty grams or more of crack cocaine being reasonably foreseeable to him. The Government stated a mandatory life sentence was required by the § 851 notice, but would be reduced to twenty years to life imprisonment with the withdrawal of all but one prior conviction. Petitioner acknowledged under oath that he understood the charge and potential penalties. The Government summarized the essential terms of the plea agreement, including its appeal and collateral review waivers. The magistrate judge questioned Petitioner specifically about the waiver of post-conviction challenges and gave him time to consult with counsel about that provision. Petitioner affirmed that he understood and agreed to the terms, denied being threatened or forced to sign the agreement, and stated that he appreciated everything his attorney had done for him. The magistrate judge found that Petitioner's guilty plea was knowingly and freely made and accepted his plea.

The Court sentenced Petitioner to the statutory minimum sentence of twenty years' imprisonment and ten years' supervised release, which was a variance from the applicable career offender guideline range, and entered its judgment on October 15, 2009. (Id., Doc. No. 40: Judgment at 1-3; Doc. No. 41: Statement of Reasons at 2-3).

Petitioner did not file an appeal, but rather timely filed the instant § 2255 motion on September 29, 2010. (Doc. No. 1). He claims: (1) his plea was involuntary because evidence was gained through an unconstitutional search and seizure; (2) he is innocent of the recidivist

[1] The hearing was not transcribed, but the Court has reviewed a recording of the proceedings. Petitioner executed a written summary of his answers to the magistrate judge. (Case No. 3:08-cr-256, Doc. No. 14: Entry and Acceptance of Guilty Plea).

enhancements to his drug sentence; and (3) his counsel provided constitutionally ineffective assistance by failing to file an appeal. (<u>Id.</u> at 4). The Court denied the ineffective assistance of counsel claim after an evidentiary hearing on February 7, 2011, and ordered the Government to respond to the other claims. The Court stayed this matter pending the Fourth Circuit's ruling on a case with a claim similar to Petitioner's second ground. (Doc. No. 27). The decision in that case has now been issued, <u>United States v. Brantley</u>, No. 12-4752 (4th Cir. Nov. 8, 2013); therefore, this case is ripe for disposition.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter and the parties' briefs on the Government's motion to dismiss, the Court finds that the remaining claims in the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. <u>See</u> <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

As detailed above, Petitioner waived his right to challenge the sentence or conviction except for ineffective assistance of counsel and prosecutorial misconduct. (Case No. 3:08-cr-256, Doc. No. 12: Plea Agreement at 6). The Government asserts this waiver bars consideration of the remaining claims in the § 2255 motion. (Doc. No. 12: Response at 13-15). In his reply, filed through new counsel, Petitioner attempts to recast his claim about an unconstitutional search in to one of ineffective assistance of counsel and argues the merits of his claim that prior drug convictions were not "felonies." (Doc. No. 24: Reply at 2, 10).

The Fourth Circuit has upheld knowing and voluntary waivers to contest convictions or sentences in § 2255 motions. United States v. Lemaster, 403 F.3d 216, 220-21 (4th Cir. 2005). That court has recently held that such waivers cover collateral attacks on sentencing enhancements based on prior convictions. United States v. Brantley, No. 12-4752 (4th Cir. Nov. 8, 2013) (vacating district court order granting relief under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011)(en banc)). Here, Petitioner swore under oath that he understood the waivers in his plea agreement and that he was satisfied with the services of his attorney. The magistrate judge and this Court found his plea was knowing and voluntary. (Case No. 3:08-cr-256, Doc. No. 14: Entry and Acceptance of Guilty Plea at 5; Doc. No. 49: Sent. H'rg Tr. at 2). His claims that unconstitutionally seized evidence was used to obtain his plea and that he is innocent of the recidivist drug penalty, (Doc. No. 1: Motion at 4), fall within the scope of the waivers in his plea agreement. Consequently, the Court finds that the plea agreement's waiver provision is valid and fully enforceable, and that it stands as an absolute bar to Petitioner's attempts to challenge his conviction and sentence by the remaining claims in his § 2255 motion.

III.    **CONCLUSION**

**IT IS THEREFORE ORDERED THAT**:

1.    Petitioner's § 2255 motion, (Doc. No. 1), is **DISMISSED** with prejudice;

2.    Respondent's Motion to Dismiss, (Doc. No. 13), is **GRANTED;** and

3.    Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v.

<u>Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: January 10, 2014

Robert J. Conrad, Jr.
United States District Judge