IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-CV-484
(3:08-CR-256)


| | | |
|---|---|---|
| TERENCE DEVON GARMON | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |


**THIS MATTER** is before the Court upon remand from the United States Court of

Appeals for the Fourth Circuit, (Doc. No. 32: Order), for reconsideration in light of its decision

in United States v. Miller, 735 F.3d 141 (4th Cir. 2013).  The Government now supports, (Doc.

No. 34: Response), Petitioner's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255, (Doc.

No. 1), which will be granted.  The Court previously ordered Petitioner's return to this district

for resentencing. (Case No. 3:08-cr-256, Doc. No. 61).

I.      BACKGROUND

The procedural history of this case is detailed in the Court's prior Order dismissing

Petitioner's motion to vacate. (Doc. No. 28).  On appeal, the Government joined Petitioner in

asking the Fourth Circuit to remand the case in light of the published decision in Miller to

consider its position in favor of granting sentencing relief, (Case No. 14-6378, Doc. No. 7 at 1).

That court vacated the Order denying relief under § 2255 and remanded for further proceedings.

(Doc. No. 32: Order).  With the filing of the Government's response, this matter is ripe for

decision.

II.    STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.  After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III.    DISCUSSION

Although the Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one year statute of limitations period for filing a motion to vacate, the Government may waive its affirmative defense to an untimely motion. Day v. McDonough, 547 U.S. 198, 210 n.11 (2006). Here, the Government has elected to waive the statute of limitations and the waiver in Petitioner's plea agreement so that the Court can reach the merits of Petitioner's claim. (Doc. No. 34: Response at 1-2).

In Simmons, the Fourth Circuit en banc held that in order for a prior North Carolina conviction to serve as a predicate felony offense, the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243.  That decision resulted from the court's application of the Supreme Court's holding in Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), namely, that the focus of whether a prior conviction qualified as a felony must center on the defendant that is before the sentencing court and not a hypothetical defendant.  In Simmons, the Fourth Circuit expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which previously held that in determining "whether a conviction is for a crime punishable by a prison term exceeding

2

one year [under North Carolina law] we consider the maximum aggravated sentence that could

be imposed for that crime upon a defendant with the worst possible criminal history." 649 F.3d at

243 (quoting Harp, 406 F.3d at 246) (emphasis omitted).

Subsequently the Fourth Circuit found that the Supreme Court's decision in Carachuri

announced a procedural rule not applicable to cases on collateral review. United States v. Powell,

691 F.3d 554, 559-60 (4th Cir. 2012). However, in Miller v. United States, 735 F.3d 141, 146

(4th Cir. 2013), the court announced that its decision in Simmons is a new rule of substantive

criminal law because it "narrowed the scope of § 922(g)(1) by establishing that it does not reach

defendants whose prior convictions could not have resulted in a sentence of more than one year

in prison." Therefore, it is retroactively applicable. Id. In that decision, the Fourth Circuit also

noted that substantive rules apply retroactively because of the significant risk that a defendant

"faces a punishment that the law cannot impose on him." Id. at 145 (quoting Schriro v.

Summerlin, 542 U.S. 348, 352 (2004)) (internal quotation marks omitted).

Here, Petitioner and the Government agree that Petitioner's prior convictions used to

trigger a higher mandatory minimum under 21 U.S.C. § 841(b)(1)(A) could not have resulted in

a sentence of more than one year in prison. (Doc. No. 24: Memorandum at 10, Exhibit 1; Doc.

No. 15: Response at 6). Thus, he faced a punishment the law could not impose on him. See

Alleyne v. United States, 133 S. Ct. 2151, 2155 (2013) ("Mandatory minimum sentences

increase the penalty for a crime."); United States v. Mubdi, 539 F. App'x 75, 76 (4th Cir. 2013)

(applying Alleyne to § 841 sentence). The combination of the Government's waiver of the

statute of limitations and the Fourth Circuit's ruling in Miller compels vacatur of the sentence in

the circumstances of this case.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate his sentence on Count One in Case No. 3:08-CR-256, (Doc. No. 1), is **GRANTED**, and Petitioner shall remain in the custody of the Bureau of Prisons pending resentencing, which has been scheduled by separate order.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: November 24, 2014

Robert J. Conrad, Jr.
United States District Judge